IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Ronald J. MORRIS and Kristen PICKEL, <br><br> Plaintiffs, <br> v. <br><br> CONSOLIDATED RAIL CORPORATION, *et al.*, <br><br> Defendants. | Civil No. 13-03244 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendant Consolidated Rail Corporation to review the clerk's award of $10,231.25 of taxable costs in favor of Plaintiff Ronald Morris. (Doc. No. 274). For the reasons below, the Court **AFFIRMS** the Clerk's award of taxable costs to Plaintiff.

I.  BACKGROUND

This case is one of many that stems from a 2012 train derailment in Paulsboro, New Jersey that released vinyl chloride into the surrounding area. Because the parties do not dispute the underlying facts—which the Clerk's Order explained in detail—the Court provides only a brief summary here. (*See* Doc. No. 273 ("Clerks Order").)

**A. Plaintiff Files This Case**

After the derailment, Plaintiff and his wife, Kristen Pickel, brought a diversity suit in this Court. (Doc. No. 1.) Plaintiff, who was driving near the derailment when the vinyl chloride

released, alleged that a chemical cloud engulfed his car and caused him injuries. (*Id.* at ¶¶ 20–23.) Plaintiff's wife alleged loss of consortium. (*Id.* at ¶ 23.)

The Complaint contained five counts: (1) negligence; (2) gross negligence; (3) strict liability; (4) medical monitoring for Plaintiff; and (5) per quod for Plaintiff's wife. (*Id.* at ¶¶ 24–41.) The Court disposed of most of Plaintiff's claims before trial—only his negligence claim reached the jury, which awarded him $500 in damages. (Doc. No. 243.)

### B. Plaintiff Seeks Costs

Based on the $500 verdict, Plaintiff considered himself a "prevailing party" under Federal Rule of Civil procedure 54(d)(1) and moved for the taxation of costs before the Clerk. (Doc. No. 258.) Because the Clerk noted deficiencies in Plaintiff's motion (Doc. No. 259), Plaintiff filed a subsequent motion along with other supplemental information. (Doc. Nos. 260, 265, 272.)

While other issues pended appeal before the Third Circuit (Doc. No. 266), the Clerk granted in part Plaintiff's motion to tax costs against Defendant (Clerks Order at 19). The Clerk found that Plaintiff was a prevailing party entitled to $10,231.25 under Federal Rule of Civil Procedure 54(d)(1) but noted—without deciding—the potential applicability of 28 U.S.C. § 1332(b), which allows a court to deny costs to a plaintiff awarded less than the jurisdictional amount of $75,000 in a diversity case. (*Id.* at 9.) Indeed, neither party raised the issue to the Clerk. (*Id.*) The $10,231.25 award consisted of the following amounts: (1) $400.00 for filing the Complaint; (2) $114.95 for subpoena service; (3) $8,887.90 for deposition transcripts; and (4) $40.00 for witness fees. (*Id.* at 10–19.) The Clerk thus entered a $10,231.25 judgment in favor of Plaintiff and against Defendant. (*Id.* at 19.)

Thereafter, Defendant moved to stay taxation of costs pending the Third Circuit's decision on appeal or, in the alternative, for this Court to review the Clerk's award of costs. (Doc. No. 274

("Def.'s Br.").) This Court granted the stay (Doc. No. 280), and after the Third Circuit resolved the appeals (Doc. Nos. 277, 278), Defendant renewed its request for this Court to review the Clerk's award of costs (Doc. No. 279). Plaintiff now opposes that motion and seeks to affirm the Clerk's award. (Doc. No. 282 ("Pl.'s Br.").)

## II. DISCUSSION

Defendant challenges the Clerk's award on three grounds. First, Defendant claims that Plaintiff is not entitled to costs because he is not a "prevailing party" under Federal Rule of Civil Procedure 54(d)(1). (Def.'s Br. at 4–5.) Second, Defendant claims that the Court should deny Plaintiff costs under 28 U.S.C. § 1332(b) because he recovered less than the $75,000 required to establish diversity jurisdiction. (*Id.* at 6.) Third, Defendant claims that specific transcript costs for fact witness depositions should be reduced or denied because they do not reflect Plaintiff's pro rata allocation of those costs among all of the plaintiffs in related derailment cases. (*Id.* at 7–8.) But as explained below, the Court agrees with the Clerk's decision on all counts.

### A. Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Because "the denial of costs is akin to a penalty," there is a "strong presumption" that a prevailing party should receive costs, and "'[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000)).

Contrary to Defendant's assertions based on non-binding, out-of-circuit cases that Plaintiff is not a prevailing party because he prevailed on only one of his five claims and received a token judgment (Def.'s Br. at 4–6), "[a] party's limited success, taken alone, does not justify denial of costs." *Carroll v. Clifford Twp.*, 625 F. App'x 43, 47 (3d Cir. 2015); *see also Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985) (same). Instead, a prevailing party under Rule 54(d) is "one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof." *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168 (D.N.J. 1995) (citing *Fahey v. Carty*, 102 F.R.D. 751 (D.N.J. 1983)); *see also Am. S. Home Ins. Co. v. Unity Bank*, No. 16-cv-3046, 2019 WL 861247, at *2 (D.N.J. Feb. 14, 2019) (same). "In other words, a prevailing party is one who succeeds 'on any significant issue in litigation [that] achieves some of the benefit the parties sought in bringing [the] suit.'" *New Jersey Primary Care Ass'n, Inc. v. State of New Jersey Dep't of Human Servs.*, No. 12-cv-413, 2017 WL 557334, at *2 (D.N.J. Feb. 10, 2017) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Ordinarily, a party in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Tyler v. O'Neill*, 112 F. App'x 158, 161 (3d Cir. 2004) (noting that "an enforceable judgment on the merits" may "materially alter[] the legal relationship between the parties," which is "significant to the prevailing party inquiry").

Here, the Court agrees with the Clerk that Plaintiff is a prevailing party entitled to costs. Plaintiff obtained a money judgment on his negligence claim and received "some of the benefit" he sought in suing. *See id.* (citing *Institutionalized Juveniles*, 758 F.2d at 910). That judgment was entered for Defendant on four of Plaintiff's five counts—or that Plaintiff recovered a fraction of his demand—does not defeat Plaintiff's prevailing party status. *See Institutionalized Juveniles*, 758 F.2d at 912 (noting that a plaintiff may be a prevailing party "even though judgment was

4

actually awarded in favor of the defendant" and "even though the relief they obtained is not identical to the relief they specifically demanded"). Accordingly, the Clerk's prevailing party determination is affirmed.

### B. Costs Under 28 U.S.C. § 1332(b)

Next, Defendant contends that the Court should exercise its discretion to deny Plaintiff costs under 28 U.S.C. § 1332(b), which states that a court "may deny costs to the plaintiff" when a diversity plaintiff's final recovery is less than the $75,000 amount required to establish diversity jurisdiction. *Id.*

Although at least one court in this circuit has exercised its discretion to deny a plaintiff's motion for costs when the plaintiff won a jury verdict "well below the jurisdictional amount," *Britt v. Einhorn*, No. 06-cv-5810, 2009 WL 536878, at *3 (D.N.J. Feb. 27, 2009), other courts have recognized that 28 U.S.C. § 1332(b) "does not preclude an award of costs if the district court determines that a plaintiff was acting in good faith when it invoked diversity jurisdiction, in spite of a limited recovery." *Bowdren v. Abbott Bamboo, Inc.*, No. 07-cv-3622, 2011 WL 4983473, at *2 (D.N.J. Oct. 17, 2011) (quoting *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv.*, No. 98-5104, 1999 WL 164955, *3 (10th Cir. Mar. 24, 1999). Indeed, "courts often award costs in such cases if the claim was brought in good faith." *Gergel v. Chemlawn Servs. Corp.*, No. 87-cv-1138, 1990 WL 87244, at *1 (E.D. Pa. June 21, 1990).

Here the Court declines to exercise its discretion to deny Plaintiff costs under 28 U.S.C. § 1332(b) because there is no indication that Plaintiff filed this diversity action in bad faith. In fact, before trial, the Court ordered Plaintiff to show cause as to why his alleged injuries could permit recovery in excess of the $75,000 statutory minimum (Doc. No. 159), and both parties sought to remain in federal court (Doc. Nos. 161, 162). As Defendant admitted in seeking to remain in this

Court, it could not "state[] to a legal certainty that Plaintiffs were never capable of recovering damages in excess of $75,000." (Doc. No. 162 at 2.) Accordingly, this Court declines to deny Plaintiff costs for recovering less than the jurisdictional amount.[1]

### C. Transcript Costs

Finally, Defendant argues that this Court should reduce or deny specific transcript costs awarded to Plaintiff for fact witness depositions. (Def.'s Br. at 7–9.) In making this claim, Defendant points to an order on the Master Docket stating that each fact witness would be produced only once in all pending derailment cases. (*Id.* at 7 (citing Master Doc. No. 436).) According to Defendant, "it appears that counsel is attempting to recover the full costs for each transcript, when, in reality, they should only be permitted to recover their share" among all derailment plaintiffs. (*Id.* at 7–8.)

Defendant's claim is unpersuasive and unsupported. Before a party may receive taxable costs, Local Civil Rule 54.1(b) requires that party to submit to the Clerk a Bill of Costs that verifies that "(1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding." L. Civ. R. 54.1(b). As the Clerk correctly noted in rejecting Defendant's contention, the affidavit in support of Plaintiff's Bill of Costs quells Defendant's concern that the deposition costs requested do not reflect proper apportionment among the other plaintiffs in this case. (Clerk's Order at 12.) In that affidavit, David M. Cedar, Esq. attested under the penalty of perjury that "the following items are true and correct costs incurred in this action," and that "the following reflects true and correct apportionments that are being charged to Mr. Morris only and no other plaintiff represented by

---

[1] The Court also declines Defendant's similar request to exercise its discretion to deny costs because Plaintiff lost on more claims than he won and recovered only a fraction of the damages he sought. (Def.'s Br. at 4–5.)

6

Cedar Law Firm or Williams Cuker Berezofsky." (Doc. No. 272-1, Cedar Aff. at 1.) Defendant provides no reason to doubt the credibility of this sworn averment or the similar averments made elsewhere in connection with Plaintiff's motion for taxable costs. (*See* Doc. No. 265 at 2–3; *see also* Doc. No. 271 at 2.)

The Court is similarly unpersuaded by Defendant's speculation that Plaintiffs have already been reimbursed for their portion of the costs from other plaintiffs' counsel. (Def.'s Br. at 8.) Defendant provides the Court no reason to disbelieve Plaintiff's assertion that "[t]he reimbursements received from other Plaintiffs' counsel were for the actual services of shared expert witnesses, which are not being claimed here; not the costs of their deposition transcripts." (Pl.'s Br. at 5.)

## III. CONCLUSION

Defendant has introduced no evidence and provided no persuasive reason for the Court to exercise its discretion to reduce or deny costs to Plaintiff as a prevailing party under Rule 54(d)(1). *See Reger*, 599 F.3d at 288; *see also In re Paoli*, 221 F.3d at 458. Accordingly, and in light of the "strong presumption" that a prevailing party should be awarded costs, *id.* at 462, this Court **AFFIRMS** the Clerk's award of costs to Plaintiff. An Order shall issue.

Dated: 4/29/2019                                        /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge